FRANEY v. FRANEY.

(Supreme Court, Appellate Division, Fourth Department. March 26, 1898.)

1. DIVORCE—ADULTERY—EVIDENCE.
    In an action for divorce, on the ground of adultery, by the husband against the wife, evidence of an occurrence at the home of the plaintiff, tending only to show that defendant was indiscreet in her language, and under the influence of intoxicants,. in the presence of plaintiff's numerous friends, who had assembled there at his request, was inadmissible.

2. SAME.
    Where it appears that the finding of a referee that the defendant committed adultery is against the weight of the evidence, and the countercharges of adultery are as well sustained, a judgment for plaintiff should be reversed on appeal.

Appeal from special term, Erie county.

Action by John Franey against Katherine Franey for divorce. Judgment for plaintiff, and defendant appeals.     Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Philip A. Laing, for appellant.
Charles Oishei, for respondent.

. PER CURIAM.     This is an action for divorce, brought by the husband against the wife, in which countercharges of adultery are alleged against the husband by the wife, with denials by each party. The issues were tried before a referee, who found the defendant guilty, and the plaintiff innocent.     An examination of this case satisfies us that there must necessarily be a new trial.     The learned referee erred in refusing to strike out the testimony of numerous witnesses of the occurrence at the home of the plaintiff and defendant on the night of October 10th, and the following day.     This evidence had no bearing upon, nor did it tend to support, any of the allegations of adultery as alleged in the complaint.     If it tended to show anything, it was only that the defendant was indiscreet in the language which she used, and that she was under the influence of intoxicants at that time, in the home of her husband, and in the presence of his numerous friends, who had congregated there at the request of the plaintiff.     This evidence was clearly inadmissible.     It was promptly and duly objected to when offered, and at the close of the evidence the referee's attention was again brought clearly to the evidence, as a motion was then made by the defendant's attorney to strike the same from the record.     This motion was denied by the referee, and error was thus committed, which calls for a reversal of the judgment.

We are of the opinion, also, that the finding of the referee that the defendant committed adultery on the date and at the place specified in his report is against the weight of evidence. Certainly, if the evidence of the plaintiff against the defendant was sufficiently reliable and convincing to the referee to enable him to base a finding of the commission of adultery by the defendant at the time and place mentioned in his report, the evidence of the defendant against the plaintiff, showing that he had committed the act of adultery alleged against him, was as cogent and convincing. If the evidence was sufficient in the mind of the referee to justify the conclusion that the defendant had committed adultery, it would seem that the evidence against plaintiff was sufficient to require the referee to find that the plaintiff had also committed adultery, and was not, therefore, entitled to a decree of absolute divorce. We are satisfied that in the interest of justice the judgment herein should be reversed, and that a new trial should be ordered.

Judgment reversed, and a new trial ordered before a new referee, with costs to the appellant to abide the event.